IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRANDON ROBERTS, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-13-3765 |
| NORTH BRANCH CORRECTIONAL INSTITUTION, et al., | * | |
| Defendants | * | |
| | *** | |

**MEMORANDUM**

On March 18, 2016, the court entered a Memorandum and Order granting defendants' unopposed motion for summary judgment (ECF 30, "Motion") and closing this case. ECF 34; ECF 35. On April 11, 2016, plaintiff Brandon Roberts filed a "Motion to Alter or Amend Judgment of Dismissal," (ECF 38), asking the court to reconsider its disposition. Roberts explains that he diligently tried to file his opposition in a timely manner and any delay in filing was "beyond [his] control." *Id.* ¶ 8.

**I. Background**

The Motion (ECF 30) was filed on October 29, 2015. The court did not rule until March 18, 2016. Yet, despite the passage of many months, Roberts never filed an opposition. It is also noteworthy that the Motion was actually a renewal of an earlier motion, filed in June 2014. *See* ECF 16. Roberts requested (ECF 18) and received (ECF 19) an extension of time to respond to the original motion. However, no response was ever filed.

By Order of February 24, 2015 (ECF 27), I denied the original motion, without prejudice. I so ruled because Roberts had noted an interlocutory appeal to the Fourth Circuit as to a discovery issue. *See* ECF 23. After his appeal was dismissed (ECF 28), defendants renewed

their Motion. Thus, Roberts has been on notice of the Motion since June 2014.

Plaintiff recognizes that his opposition to the Motion was due on February 16, 2016. ECF 38, ¶ 1. He indicates that "at that time [he gave] notice of late filing to the court because additional copies were needed to serve all parties of the record. However, prison officials failed to copy the materials at that time." *Id*. Thereafter, plaintiff filed an administrative grievance regarding the prison officials' failure to copy his paperwork. *Id*., ¶2. Plaintiff indicates that on February 25, 2016, he filed a status report and renewed notice of later filing with the court, seeking an extension of time to file his opposition to the dispositive motion due to the delay in receiving copies and due to the prison being placed on lockdown. *Id.*, ¶ 3. The docket does not reflect receipt of same.

Further, plaintiff claims that on March 18, 2016, he filed a notice of intent with the court. ECF 38, ¶ 5. Roberts indicates he forwarded all of his documents to the court on March 25, 2016, along with a status report regarding the missing pages of his opposition and a request for an extension of time to file the opposition. *Id*., ¶ 6. However, the docket reflects that on March 28, 2016, the court received correspondence from plaintiff, entitled "Notice of Intent to File Opposition." ECF 36. It was returned to plaintiff without being docketed, because the case was already closed. ECF 36.

On April 1, 2015, the court received and returned to plaintiff, without docketing, his opposition to the dispositive motion, affidavits, motions to strike, certificate of service and status report regarding late filings. ECF 37.

## II. Discussion

A motion to alter or amend is governed by Fed. Rule of Civ. Proc. 59(e). It states: "A

motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The motion "need not be granted unless the district court finds that there has been an intervening change of controlling law, that new evidence has become available, or that there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F. 3d 403, 411 (4th Cir. 2010); *see also Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

Rule 59(e) permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995). But, "A motion under Rule 59(e) is not authorized 'to enable a party to complete presenting his case after the court has ruled against him.'" *In re: Reese*, 91 F.3d 37, 39 (7th Cir. 1996) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); *see* 11 Wright et al., Federal Practice and Procedure ' 2810.1, at 127-28 (2d ed. 1995) ("The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

Similarly, if a party relies on newly discovered evidence in his Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Small v. Hunt*, 98 F.3d 789, 798 (4th Cir. 1996) (quoting *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)). In general, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. American Nat. Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998) (*citing* Wright et al., Federal Practice and Procedure ' 2810.1, at 124 (2d ed. 1995)).

In ECF 34, I addressed the procedural history of plaintiff's case, stating, *id.* at 2:

On June 30, 2014, defendants filed a motion to dismiss, or, in the alternative, [a] summary judgment motion. ECF 16. It was supported by a legal memorandum (ECF 16-1) and several exhibits. Plaintiff sought two extensions in which to respond to the motion (ECF 18, 21), both of which were granted. ECF 19, 22. In addition, on September 17, 2014, plaintiff filed a "Declaration of Brandon Roberts Pursuant to Federal R. Civ. P. 56 (D)," in which he sought to engage in discovery before responding to defendants' dispositive motion. ECF 20. I denied that request in an Order entered September 17, 2014. ECF 22. Thereafter, plaintiff noted an interlocutory appeal to the Fourth Circuit. ECF 23. As a result of the appeal, I denied the dispositive motion without prejudice, and subject to the right of defendants to refile it following the disposition of plaintiff's interlocutory appeal. ECF 27. The Fourth Circuit dismissed the appeal on March 31, 2015 (ECF 28) and the Mandate issued on April 22, 2015. ECF 29.

On October 29, 2015, defendants moved to renew their dispositive motion. ECF 30. They also incorporated their earlier memorandum of law (ECF 1601) and exhibits appended to it. *See* ECF 30 ¶ 7. Plaintiff was advised of the filing of the motion and his opportunity to respond to it. ECF 31. On December 31, 2015, plaintiff filed a motion for temporary stay of proceedings (ECF 32), indicating that he was scheduled to be hospitalized for approximately four days to have a treatment of a fractured wrist and was therefore unable to respond to the Motion in a timely manner. I denied the request for a stay, but granted plaintiff an extension of time to and including February 16, 2016, to respond to the merits of the dispositive motion. ECF 33. No response has been received.

Given the procedural history of the case, and plaintiff's claims regarding his need for copies of unspecified documents, I am not persuaded that plaintiff could not have filed his opposition to the dispositive motion in a timely manner. Plaintiff provides no information as to what papers he was missing or the relevance of those papers to his opposition.

Plaintiff had notice of defendants' Motion for nearly two years before I ruled on the Motion. He sought and received numerous extensions of time to respond to the Motion. His inability either to secure the necessary documentation prior to his deadline or to move the court for an extension of time prior to the expiration of the deadline do not demonstrate a legitimate justification for not presenting the evidence in a timely manner.

Finally, I note that, despite the lack of an opposition from Roberts, I carefully reviewed

4

the record and considered the allegations in plaintiff's Amended Complaint.  Plaintiff has not provided any basis to suggest a genuine dispute of material fact or legal error.

For these reasons, I shall deny the Motion.  An Order follows.


Date:  April 20, 2016                              /s/
                                        Ellen L. Hollander
                                        United States District Judge